### JOHN D. O'CONNER *v.* COMMONWEALTH.

**Criminal Law—Instruction.**

In a criminal case it is error for the court to instruct the jury to consider all the facts and circumstances which the court has permitted as evidence "and which may be satisfactorily proved." It is the duty of a jury to consider all the facts and circumstances which the proof tends to establish whether they were satisfactorily proved or not.

APPEAL FROM JEFFERSON CIRCUIT COURT.

September 19, 1876.

OPINION BY JUDGE LINDSAY:

The indictment in this case charges the prisoner with having wilfully killed and murdered the deceased. The misspelling of the word "willfully" is so unimportant, that not even the most casual observer, much less the accused or the court, could be deceived or misled by it. The indictment is good, and the motion in arrest of judgment was properly overruled.

The court did not err in excluding from the jury the testimony of Newman. The deceased witness did not testify before the grand jury when it was investigating the charge against O'Conner. Besides, the record does not show what the witness, Newman, would have proved.

Instructions Nos. 1, 2, 3 and 5 are without valid objection. In the second instruction the court correctly told the jury that if the killing was not done apparently in necessary self-defense, then to reduce it from murder to manslaughter, it must have been done without malice and in sudden heat and passion. Heat and passion do not always necessarily negative the idea of malice. They may precipitate the commission of a criminal act that has long been determined upon, and maliciously premeditated, but which has been deferred for the want of suitable opportunity. It was not error to say to the jury that the heat and passion, which operates in law to mitigate the crime of

wilful and malicious homicide, must be produced by provocation, such as a blow or an actual trespass to the person. The exceptions to this rule have no application in this case.

In the case of *Smith v. Commonwealth,* 1 Duv. 224, the deceased not only called the accused a damned liar, but being armed with a pistol challenged him then and there to fight. The exhibition of the pistol, connected as it was with the aggressive conduct of the party, might well be considered as equivalent to an assault upon the person of the accused. But that case turned upon another question, and was not reversed on account of the delusive and erroneous instruction first commented upon by the court.

By the fourth instruction given in the case under consideration the court, after explaining to the jury that they had the right to presume upon the credibility of the witnesses, and upon the weight to be given to the testimony of each witness, said further, that, "in examination and determination of this case they are to consider all the facts and circumstances which the court has permitted as evidence and which may be satisfactorily proved." Except for the latter clause this instruction would be free from objection. The jury had the right to consider every fact and circumstance which the proof conduced to establish. If the jury could consider only such facts and circumstances as were satisfactorily proved, then, in order to establish self-defense, or in order to reduce the killing from murder to manslaughter, it was necessary for the accused to prove each fact and circumstance relied on, by a preponderance of the evidence. All the evidence that was legally admissible was before the jury and it was then their duty to consider it. Every fact and circumstance which the evidence conduced to prove was open to consideration; and if any fact or circumstance was sufficiently proved to excite in the minds of the jurors a reasonable doubt as to whether the homicide was excusable, or if not excusable, whether it was committed with or without malice, they had the right, and were bound to act upon such evidence, although they might not have felt that the particular facts or circumstances from which such doubt arose were satisfactorily proved, or in other words proved by a preponderance of the evidence.

This instruction was misleading, and as we cannot tell to what extent it may have prejudiced the accused, he is entitled to a new trial.

Judgment *reversed* and the cause remanded for a new trial upon principles consistent with this opinion.

*L. C. Willis, for appellant.   Moss, for appellee.*